## PEOPLE v. THAW.

(Supreme Court, Trial Term, New York County.　March 16, 1915.)

1. EXTRADITION ☜41—INTERSTATE—GOOD FAITH.
　　Trial and acquittal of an insane criminal, extradited from another state for conspiracy, constitutes no evidence of lack of good faith on the part of the state in obtaining the indictment or instituting extradition proceedings.
　　[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 51–53; Dec. Dig. ☜41.]

2. EXTRADITION ☜14—INTERNATIONAL—RIGHT OF EXTRADITION.
　　Extradition between the United States and a foreign country depends upon treaty, contract, or stipulation, as to which the sovereign upon whom the demand is made can exercise discretion, as well as investigate the charge upon which the surrender is demanded; there being no rule of comity by virtue of which independent nations are required or expected to withhold from fugitives within their jurisdiction the right of asylum.
　　[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. ☜14.]

3. EXTRADITION ☜41—INTERSTATE—AUTHORITY OF STATE.
　　In the matter of interstate extradition, the supreme law of the land imposes no condition or limitation upon the jurisdiction and authority of the state to which the fugitive is returned.
　　[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 51–53; Dec. Dig. ☜41.]

4. EXTRADITION ☜41—INTERSTATE—RIGHTS OF ACCUSED AFTER EXTRADITION.
　　One who has been acquitted of a charge of murder on the ground of insanity, and has escaped from the asylum wherein he was confined, may, upon recapture, and after extradition from a sister state upon a charge of conspiracy to effect his escape, be recommitted to the asylum, notwithstanding his acquittal of the charge of conspiracy.
　　[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 51–53; Dec. Dig. ☜41.]

Harry K. Thaw was tried for conspiracy after being extradited from the state of New Hampshire. Upon acquittal, he moves to be returned to that state. Motion denied.

Order affirmed 167 App. Div. 104, 152 N. Y. Supp. 771.

Egburt E. Woodbury, Atty. Gen., and Frank K. Cook, Deputy Atty. Gen., for plaintiff.

Abel I. Smith, Jr., of New York City (Stanchfield & Levy, of New York City, of counsel), for defendant.

PAGE, J. Harry K. Thaw having been brought back to this state from the state of New Hampshire by virtue of interstate extradition proceedings, and having been tried and by verdict of the jury acquitted of the offense upon indictment for which he was extradited, a motion has been made that he be returned to the state of New Hampshire.

[1-3] There can be no question of the lack of good faith on the part of the state of New York, for the reason that Mr. Thaw was tried for the very offense that was the foundation of the extradition. That he was acquitted of the charge is no evidence of the lack of good faith either in obtaining the indictment or instituting the extradi-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion proceedings. Whatever doubt may have existed as to the status of a person brought into this state from a sister state by extradition has been finally determined by the Supreme Court of the United States. The rule applicable to international extradition has been held in some jurisdictions to apply to interstate extradition. The Supreme Court of the United States in Lascelles v. State of Georgia, 148 U. S. 537, 545, 13 Sup. Ct. 687, 690 (37 L. Ed. 549), said:

"To apply the rule of international or foreign extradition, as announced in United States v. Rauscher, 119 U. S. 407 [7 Sup. Ct. 234, 30 L. Ed. 425], to interstate rendition, involves the confusion of two essentially different things, which rest upon entirely different principles. In the former the extradition depends upon treaty, contract, or stipulation, which rests upon good faith, and in respect to which the sovereign upon whom the demand is made can exercise discretion, as well as investigate the charge upon which the surrender is demanded; there being no rule of comity under and by virtue of which independent nations are required or expected to withhold from fugitives within their jurisdictions the right of asylum. In the matter of interstate rendition, however, there is a binding force and obligation, not of contract, but of the supreme law of the land, which imposes no conditions or limitations upon the jurisdiction and authority of the state to which the fugitive is returned."

[4] In the course of the trial before me there was put in evidence the order of this court committing said Thaw to the Matteawan State Asylum for the Insane, he having been acquitted of the charge of murder upon the plea of not guilty because of insanity. This order provided that he should be confined in said asylum until discharged in due course of law. It was further proved that he had never been discharged from said asylum, but on the contrary had escaped therefrom. The said Thaw is now in the custody of the sheriff of this county and subject to the jurisdiction and authority of this state, to be dealt with according to the law of this state.

The motion is therefore denied, and the sheriff is directed to deliver the said Thaw to the proper authorities, to be conveyed to the Matteawan State Asylum for the Insane, or to hold him subject to any order of this court or a justice thereof that may have been issued and served upon the sheriff.